IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DAVID IVEY, | |
|---|---|
| Petitioner, | 8:19CV153 |
| vs. | |
| TOM BARR, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56. ([Filing No. 13](#).) Petitioner's motion contains nine numbered paragraphs that essentially take issue with Respondent's alleged delay in securing all the necessary state court records prior to the January 8, 2020 deadline for filing state court records in support of Respondent's answer. Specifically, Petitioner alleges:

> 4) On 1/7/20, one day prior to the current deadline, Respondent filed a motion in Nebraska district court asking that court to unseal and produce the transcripts and Bill of Exceptions to the 2017 Mental Health Board hearing and subsequent appeals, with a telephonic hearing on the matter scheduled for 1/31/20 (case no. CI17-6817).
>
> 5) Respondent has offered no explanation as to why he did not seek this action earlier, nor has he indicated any impediment to his ability to petition the State court for these specific records, which are obviously central to the claims raised by the Petitioner.
>
> 6) The 1/31/20 State court hearing date is well beyond the 1/8/20 deadline established by this Court. Respondent has not asked for nor received leave by this Court to extend the deadline beyond 1/8/20.
>
> 7) Respondent is in violation of this Court's Memorandum and Order dated 12/3/19.

([Filing No. 13 at CM/ECF pp. 1–2](#).) Based on these circumstances, Petitioner asserts "Respondent is unable to produce any admissible evidence to support the fact of a genuine dispute as to any material fact" and Petitioner is entitled to judgment as a matter of law. (*Id*. [at CM/ECF p. 2](#).)

Contrary to the court's local rules, Petitioner did not submit a brief in support of his summary judgment motion containing "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR [56.1](#)(a)(1). "Failure to submit a statement of facts may be grounds to deny the motion." *Id*. The court finds denial appropriate based on Petitioner's failure to comply with the court's local rules.

Moreover, Petitioner's objections to Respondent's supposed delay in procuring all relevant state court records have been rendered moot. On January 8, 2020, Respondent filed the Designation of State Court Records in Support of Answer and specifically informed the court that multiple sealed and confidential state court records were still outstanding and that Respondent would be seeking leave to supplement the Designation of State Court Records if and when Respondent was granted access to those records. ([Filing No. 9](#).) On February 3, 2020, Respondent moved to supplement the Designation with the remaining relevant state court documents to which Respondent had been granted access after filing motions in state court to unseal and produce the documents. ([Filing No. 15](#).) The court granted Respondent's motion on February 7, 2020, and Respondent promptly filed the documents[1] on February 10, 2020. (*See* [Filing No. 16](#); [Filing No. 18](#).) The court concludes Respondents have acted without undue delay in procuring the necessary state court records in compliance with the court's progression order as modified by the court's order granting Respondent's request for an extension. ([Filing No. 3](#); TEXT Order No. 6.)

---

[1] Respondent moved to file the documents under seal due to their confidential nature, and the court granted Respondent's request. (*See* [Filing No. 17](#); [Filing No. 19](#).)

IT IS THEREFORE ORDERED that: Petitioner's Motion for Summary Judgment ([filing no. 13](#)) is denied.

Dated this 10th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge